*CT. TERM 1839.

Pemberton
vs,
Staples,

murrer of the plaintiff below to the defendants plea of fraud, and the counsel cite, in support of their position, 1 Chitty pl. 553. 1 vol. D. C. L. Montgomery vs Tipton, page 446.

Allen for defendant. There is no error committed by the court below, see 3rd Chitty's pleading, and precedents and authorities there cited in note p. 963.

Opinion of the court delivered by Edwards Judge.

Staples sued Pemberton by petition in debt in the Lewis circuit court. Pemberton pleaded non est factum and fraud generally. Staples replied to the plea of non est factum, and demurred to the plea of fraud. The court sustained the demurrer and the plaintiff had judgment.

The plaintiff in error insists that the circuit court erred in sustaining the demurrer to the plea of fraud, and cites the case of Montgomery vs. Tipton 1 Mo. Dec. 446. In the case there cited, the court held that fraud constituted a good defence in law as well as in equity, and that a general allegation of fraud, without specifying the particulars; was sufficient. There may have been some conflict in the decisions upon this subject, but we have not the authorities to ascertain how far this extends; 3 Chitty, 963, notes M, & I. As at present advised, there seems to be no objection to the law as settled in the case of Montgomery and Tipton. The other judges concurring, this cause is reversed and remanded.

Fraud constitutes a good defence in law as well as in equity, and a general allegation of fraud in a plea without specifying the particulars, is sufficient.

---

## HUGHES v. OVERTON.

Error to the circuit court of Lewis county.

The following opinion was delivered at the August term of the year 1838, and the case on motion of the plaintiff in error, being kept under advisement, and the two judges who were then on the bench, being still of opinion that its former judgment was correct, now direct their opinion to be transcribed for publication.

Ellison for plff.

1st. The case of Ewing vs. Miller Mo. Rep. A. D. 1822, page 235, plea of fraud is good as well against the assignee

as the obligee of a bond or note. See also statute of 1835, page 105, sec. 3.

OCT. TERM 1839.<br>Hughes<br>vs<br>Overton.

2nd. the case of Montgomery vs. Tipton, Mo. Rep. A. D. 1824, page 447; 3rd sec. 1st Chitty 502, margin 4th sec. also, a late edition of 1st Chitty, page 570; 9th Coke 110·

Allen for deft.

There is no error, see the precedents in 3rd Chitty's pleadings, and the authorities there cited in note p. 963.

Edwards Judge.

This case is similar to the case of Pemberton and Staples just decided, and must go in the same way. The other judges concurring, the judgment of the circuit court is reversed, and the cause remanded.

---

## DOOLY & KIRKLAND v. JINNINGS.

1. It is the peculiar province of the jury to weigh the evidence and determine its worth.
2. The judgment of the circuit court, in refusing to grant a new trial, will not be reversed by the appellate court, on the ground that the verdict was without evidence, &c. unless the evidence greatly preponderated in favor of the party seeking the reversal.
3. A purchaser at a sale with a knowledge of the defects of the thing purchased, is not entitled to redress unless there has been a warranty.
4. The purchaser of an unsound horse, knowing him to be unsound, must be very particular in the language of a warranty against a known unsoundness, lest the warranty should not be supposed to extend to such known unsoundness.

Appeal from circuit court of Monroe county.

Williams & Kirtly for appellants.

1st. There was no notice, at the time of the sale, that the mare was unsound, 3 Hen. & Mun. Argentbright vs. Campbell, p. 144. Sugden on vendors p. 315, and Wildgoose vs. Weyland, Gillaspie 147, p. 67, &c.

2nd. An express warranty need not be in express terms. see 19th Johns 299. 2 Harr and Gill 495. Wood vs. Smith 4 Carr and Payne 45. See Oneida Manufacturing soc. vs. Lawrence, 4 Con. N. 440. Jones vs. Bright, 5 Bingh 533. Osgood vs. Lewis, 2 Harr and Gill 495, &c. Shopman vs. March, 19th Johns 484. 2nd Starkies Evidence 901, and Chitty on contracts 135.